UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § <br> § <br> § |
| v. | §    CASE NO. 5:22-CR-023-H-BQ <br> § <br> § <br> § |
| MIGUEL ANGEL VALDEZ (1), and <br> PABLO VALDEZ (2) | § <br> § |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

The undersigned issues the following findings of fact, conclusions of law, and recommendation based on the conduct of Defendants Miguel Angel Valdez and Pablo Valdez's attorney of record. Because defense counsel failed to comply with a Court order, the undersigned recommends the United States District Judge sanction counsel in accordance with this Court's authority under N.D. Tex. Loc. Crim. R. 57.8(b)(2).[1]

### I. Background

Defendants Miguel Angel Valdez and Pablo Valdez have retained attorney James Wooldridge to represent them in this matter. ECF Nos. 25, 44. On February 9, 2022, the Court held a hearing in accordance with *United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975), wherein both Defendants verbally waived their rights to separate and independent counsel and expressed their desire to be represented by Mr. Wooldridge. *See* ECF Nos. 49, 50; *see also* ECF No. 61.

---

[1] Local Rule 57.8(b) provides that the "presiding judge" may impose disciplinary action against an attorney. Although defense counsel violated an order of the undersigned, the United States District Judge is designated as the presiding judge. *See* N.D. Tex. Loc. Crim. R. 1.1(b) (defining "presiding judge" to mean "the judge to whom a case is assigned," i.e., the Honorable James Wesley Hendrix). Out of an abundance of caution, the undersigned issues the following findings, conclusions, and recommendation.

At the hearing, the Court, in fulfilling its independent duty to ensure that criminal proceedings appear fair to the public and are conducted within ethical standards of the profession, specifically reviewed with the parties and counsel case law concerning Defendants' Sixth Amendment right to effective assistance of counsel, which includes the right to select an attorney of their choice. The Court noted that while a presumption exists supporting that selection, (1) the presumption may be rebutted by the showing of an actual or potential conflict of interest, even where the defendant and defense counsel have executed a valid waiver, and (2) under certain circumstances a court may justifiably refuse to accept the waiver. The Court also reviewed with the parties four factors courts typically consider in determining whether an actual conflict exists and a waiver is effective.

During the hearing the Court asked counsel whether they believed any actual conflict currently existed. The Government stated its belief that, after reviewing the case law, there was an actual conflict and the potential for other conflicts. Defense counsel stated that he had discussed the matter with both clients and that: (1) neither wanted to cooperate with the Government; (2) they presented a united front; and (3) at this point there was no actual conflict.

Given the gravity of the question at issue, i.e., ensuring that Defendants' Sixth Amendment right to effective assistance of counsel is adequately protected, the Court advised the parties it did not want to base its final decision on a one-afternoon hearing, and instead gave each side the opportunity to brief the issue of dual representation and possible disqualification. It was within this context that the Court ordered counsel for both the Government and Defendants to file briefs no later than February 14, 2022, stating their respective positions as to the dual representation, including whether the Court must disqualify

Mr. Wooldridge based on an actual or potential conflict, despite the waivers executed by Defendants. ECF Nos. 49, 50. Counsel for Defendants was also directed to address a case cited by the Government that appeared to closely track this case factually, where the Fifth Circuit found that the district court acted entirely within its discretion in disqualifying counsel from dual representation.

In response to the Court's order, defense counsel filed a Motion for Vacation & Conformity with Local Rules, with a brief in support. ECF No. 60.[2] Despite plainly understanding the Court's February 9 order,[3] Defendants' motion made no attempt to respond substantively to the order, and requested that "this court . . . vacate its order to submit briefs on this matter and . . . instead order conformity with the local rules regarding motion practice." Id. at 1. Counsel in essence alleged that the Court, through its order, violated the Northern District's Local Rules by improperly construing "[t]he government's oral announcement that a conflict exists" as a motion and requiring Defendants to respond in less than fourteen days. Id. at 1–2.

Because Defendants did not file a substantive response to the February 9 order, the Court issued an order denying Defendants' motion and again directing defense counsel to file a substantive brief and show cause why he should not be sanctioned for failing to comply with the order. ECF No. 63. Defense counsel timely complied, providing both a substantive response to the Court's original order and his explanation why he did not supply that answer initially. ECF No. 70. In attempting to explain why he failed to comply with the Court's

---

[2] The Government timely complied with the Court's order. See ECF No. 59.

[3] Defendants' motion provides in part: "Pursuant to order of the United States Magistrate entered in open court on February 9th, 2022, the parties are to submit briefs on the issue of dual representation/disqualification as of February 14th, 2022." ECF No. 60, at 1.

3

previous order, counsel amazingly doubled-down, stating that while he understood "the court's order entirely," *he determined* that the Court's "actual proceedings had resulted in the commingling at best, or subsumation [sic] more likely, of the government's nonconforming motion to disqualify counsel, *such that the appropriate remedy would be to conform to the local rules regarding motion practice as to briefs.*" *Id.* at 6 (emphasis added). Stated more succinctly, counsel chose to ignore the Court's order to file a response because *he determined* that (1) the order improperly recognized a "nonconforming motion to disqualify counsel" submitted by the Government and (2) the Court thereby erred in not allowing fourteen days to file a response.

At Defendants' subsequent arraignment, the Court inquired as to whether any party's position had changed in regard to the existence of an actual conflict, and all replied in the negative. During the resulting discussion on the still-pending question of dual representation, defense counsel expressed the need for additional time to respond substantively on the issue. The Court granted the request and directed the filing of a response by March 1, 2022. ECF Nos. 75, 76. Defense counsel timely filed his supplemental brief. ECF No. 85. In his supplement, defense counsel continued to maintain that the genesis for the Court's inquiry into the issue of dual representation was the Government's "non-conforming" motion to disqualify counsel and that the Court did not comply with the local rules in issuing its original order. *Id.* at 1–2.

## II. Analysis

### A. Court's authority to sanction counsel

Federal courts possess the inherent power to sanction attorneys. *In re Goode*, 821 F.3d 553, 559 (5th Cir. 2016). Exercising this authority requires a specific finding that the attorney acted in bad faith. *Id.* Where, however, a court imposes sanctions pursuant to its local rules,

4

no such finding is required. *In re Luttrell*, 749 F. App'x 281, 286 (5th Cir. 2018) (per curiam) (recognizing "there is no bad-faith requirement" for district court invoking its sanction authority under local rules, as opposed to its inherent sanction power). As relevant here, Local Criminal Rule 57.8(b) provides that "[a] presiding judge, after giving opportunity to show cause to the contrary, may take any appropriate disciplinary action against a member of the bar for . . . conduct unbecoming a member of the bar[4] . . . [or] failure to comply with any rule or order of this court . . . ." N.D. Tex. Loc. Crim. R. 57.8(b). By virtue of this Court's February 15, 2022, show cause order (ECF No. 63), defense counsel has been provided an opportunity to justify his conduct.

### B. The Court has an independent obligation to ensure that counsel's dual representation does not violate Defendants' Sixth Amendment right to effective representation—this duty gave rise to the Court's February 9 order.

Courts have an "independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat v. United States*, 486 U.S. 153, 160 (1988). Where defendants in a criminal proceeding are represented by the same attorney, the Federal Rules of Criminal Procedure require that courts, in exercising this independent interest, ensure effective representation of counsel:

> (c) Inquiry Into Joint Representation.
>
> > (1) Joint Representation. Joint representation occurs when:
> > (A) two or more defendants have been charged jointly under Rule 8(b)[5] or have been joined for trial under Rule 13; and

---

[4] "Although 'conduct unbecoming a member of the bar' is not defined in the Local Rules, the Supreme Court has interpreted the same language, as used in Federal Rule of Appellate Procedure 46, to mean 'conduct contrary to professional standards that shows an unfitness to discharge continuing obligations to clients or the courts, or conduct inimical to the administration of justice.'" *In re Hermesmeyer*, 688 F. App'x 300, 305 (5th Cir. 2017) (quoting *In re Snyder*, 472 U.S. 634, 644–45 (1985)).

[5] Rule 8 provides, in part, that an "indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an

> (B) the defendants are represented by the same counsel, or counsel who are associated in law practice.
>
> (2) Court's Responsibilities in Cases of Joint Representation. The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Fed. R. Crim. P. 44(c); *see United States v. Gonzalez-Lopez*, 548 U.S. 140, 151–52 (2006) (recognizing independent interest in ensuring ethical and fair criminal proceedings and noting that a defendant cannot "demand that a court honor his waiver of conflict-free representation").

As demonstrated above, the Court's obligation to inquire exists independent of any motion to disqualify that may be filed. Stated alternatively, defense counsel had an obligation to respond to the Court's order and explain why dual representation satisfies constitutional muster, regardless of whether the Government sought his disqualification. *See United States v. Coleman*, 997 F.2d 1101, 1104 (5th Cir. 1993) (describing as "irrelevant" defendant's contention that government failed to "follow the proper procedure for disqualification," because "[t]he district court had the authority and duty to inquire *sua sponte* into whether counsel should not serve because of a conflict with another client").

While "[t]he Sixth Amendment grants criminal defendants the right to 'assistance of counsel for [their] defense,'" the right is not absolute and "is limited if that counsel has an actual conflict of interest or a serious potential conflict of interest that may arise during trial." *United States v. Jackson*, 805 F.3d 200, 202 (5th Cir. 2015) (citations omitted). Within this

---

offense or offenses." Fed. R. Crim. P. 8(b). The "defendants need not be charged in each count" and "may be charged in one or more counts together or separately." The Valdez Defendants are charged together in one indictment through multiple counts. *See* ECF No. 54.

context, a presumption exists "that a defendant is entitled to counsel of choice"—however, the "presumption may be rebutted by a showing of actual or potential conflicts of interest . . . [and] [t]his is so even if valid waivers are acquired by defense counsel." *Id.* at 202–03. "Accordingly, a district court 'has discretion to disallow a first choice of counsel that would create serious risk of conflict of interest.'" *United States v. Cesario*, No. 3:16-CR-60-M, 2016 WL 5791549, at *2 (N.D. Tex. Oct. 4, 2016) (quoting *Gonzalez-Lopez*, 548 U.S. at 147 n.3). In determining whether an actual conflict exists, courts conduct a highly fact-dependent analysis that involves several factors, including:

> (1) whether the attorney has confidential information that is helpful to one client but harmful to the other client; (2) whether and how closely related is the subject matter of the multiple representations; (3) how close in time the multiple representations are; and (4) whether the prior representation has been unambiguously terminated, as well as the character and extent of the prior representation (i.e. whether it was transient or insubstantial).

*Id.* (internal quotation marks and citation omitted).

The Court directed the parties to address these factors and other case law to assist in determining whether dual representation, under the particular circumstances of this case, satisfies each Defendant's constitutional right to effective assistance of counsel.

### C. Defense counsel's conduct warrants imposition of sanctions for violating a valid order of this Court

A simple review of the record conclusively demonstrates defense counsel did not comply with the Court's February 9 order to file a brief addressing the issue of dual representation and possible disqualification. Instead, counsel filed a motion that (1) included no substantive brief and (2) attempted to recast the Court's order in a manner that would excuse his non-compliance. Specifically, counsel alleged that the Court's order violated the Northern District's Local Criminal Rules by improperly construing "[t]he government's oral

announcement that a conflict exists" as a motion and requiring Defendants to respond in less than fourteen days. ECF No. 60, at 1–2. Despite counsel's protestations to the contrary, and as demonstrated above, the impetus for the Court's briefing order was not a motion to disqualify but instead the Court's independent interest in protecting Defendants' Sixth Amendment rights. This alone provided sufficient justification for the Court's briefing order and defense counsel's obligation to file the required brief, independent of any motion ostensibly raised or filed by the Government.

Any room for interpretation regarding the reasoning or intent behind counsel's actions was removed by his next filing with the Court. After the Court issued its show cause order, thereby putting defense counsel on notice his motion was not in compliance, he again refused to acknowledge any misstep, and instead stated that while he understood "the court's order entirely," *he determined* that the Court's "actual proceedings had resulted in the commingling at best, or subsumation [sic] more likely, of the government's nonconforming motion to disqualify counsel, *such that the appropriate remedy would be to conform to the local rules regarding motion practice as to briefs*." ECF No. 70, at 6 (emphasis added). As explained earlier, counsel in essence ignored the Court's order to file a substantive response because he decided that (1) the order improperly recognized a "nonconforming motion to disqualify counsel" submitted by the Government and (2) the Court thereby erred in not allowing fourteen days to file a response. This reasoning does not and cannot provide sufficient justification for an attorney's refusal to comply with a court order. The appropriate course of action under these circumstances was to seek review (by the district judge), seek an extension, or comply. Moreover, even assuming defense counsel's interpretation of the Court's order is correct (it is not), he cites no authority for the proposition that an attorney can unilaterally modify a court

order that he disagrees with or believes to be in error and thereby absolve himself of obligations imposed by that order.

Counsel's argument that the Court's order ignored or violated the local rules provides no impediment to a sanction. The same local rules that defense counsel invokes as justification for not filing a response sooner than fourteen days also allow a judge to "direct the parties to proceed in any manner that the judge deems just and expeditious." N.D. Tex. Loc. Crim. R. 57.1. As such, even assuming the Court issued its order directing Defendants to file their brief in response to a Government motion, the Court had the authority to modify the time within which they had to respond. Moreover, as previously noted by the Court (and as subsequently obtained by defense counsel upon his request at the arraignment), if counsel believed he needed more time to file a sufficient response to ensure protection of his clients' due process rights, he simply needed to file a request for extension—not attempt to reconstitute the order in a form acceptable to him.

Counsel's conduct in this case equals or exceeds similar attorney behavior where the Fifth Circuit has upheld sanctions imposed by a district court. In *In re Hermesmeyer*, 688 F. App'x 300 (5th Cir. 2017), defense counsel refused to answer a question from the district judge during sentencing. Upon his refusal, the court found that counsel violated Local Criminal Rule 57.8(b), i.e., failure to comply with any order of the court, and imposed a $500 fine. *Id.* at 302, 305. On appeal, the Fifth Circuit confirmed no bad faith finding was required in regard to the attorney's conduct because the district court based its sanction on a violation of its rules, not its inherent authority. *Id.* at 304. Finding that the "[f]ailure to answer a court's question can constitute failure to comply with an order of the court," the Fifth Circuit "conclude[d] that the district court did not abuse its discretion in imposing a $500 fine." *Id.* at 305; *see In re*

*Luttrell*, 749 F. App'x at 286 (upholding $750 sanction and removal from CJA Panel because attorney "repeatedly flouted the district court's directives").

In sum, the undersigned finds that it is not the frequency or number of times in which defense counsel disregarded the Court's order that warrants the imposition of sanctions, but the manner in which he violated the order. Defense counsel knowingly elected to disregard the February 9 order, as reflected by his admission that while he understood "the court's order entirely," *he* decided the Court's proceeding had strayed procedurally and that *he* would conform the Court's order to comply with his interpretation of the rules. ECF No. 70, at 6. Counsel cites no authority for such an approach and the Court cannot countenance an attorney's refusal to obey an order and his attempts to independently revise its terms or his obligations under same.

### III. Recommendation

For these reasons, the undersigned recommends that defense counsel be sanctioned $300, to be paid to the Clerk of Court, Lubbock, Texas, for violating an order of the Court.

### IV. Right to Object

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2016); Fed. R. Crim. P. 59(a). To be specific, an objection must identify the specific finding, conclusion, or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the

briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 4, 2022.

_____
D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE